```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                          EASTERN DIVISION
```

**WILLIAM A. CLUMM,**

       Petitioner,

  vs.                            Civil Action 2:08-CV-365
                                    Judge Marbley
                                    Magistrate Judge King

**WARDEN, CHILLICOTHE CORRECTIONAL
INSTITUTION,** *et al.*,

       Respondents.


## REPORT AND RECOMMENDATION

This is a petition filed under 28 U.S.C. §§2241, 2254, for a writ of habeas corpus filed by petitioner, a state inmate. Petitioner complains that, although he had been notified of conditional release on parole, after a hearing before the Ohio Adult Parole Authority Victim Advocacy Board, he was denied release in contravention of federal and state law.[1]

Respondents contend, *inter alia*, that petitioner has failed to exhaust his state court remedies.[2] The Court will not consider this exhaustion argument because, for the reasons stated *infra*, the Court concludes that the petition is without merit. *See* 28 U.S.C. §2254(b)(2) ["An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state."]

This action challenges the decision of the State of Ohio to

---

[1] The parole board continued further consideration of petitioner's release on parole to July 2017. *See Exhibit 10,* attached to *Respondents' Answer/Return of Writ,* Doc. No. 8.

[2] Although petitioner was granted an extension of time to file a traverse, *see Order,* Doc. No. 12, he has not responded to the *Return of Writ.*

deny petitioner release on parole until at least 2017. Petitioner contends, first, that the procedures followed in making that decision violated state law. However, a federal court may grant habeas relief to a state inmate under 28 U.S.C. §2254 only upon a finding "that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). The writ will not issue merely on the basis of a perceived error of state law. *Pulley v. Harris,* 465 U.S. 37, 41 (1984).

Petitioner also contends that the denial of his release on parole violated his federal constitutional right to due process. The United States Supreme Court has held that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Correctional Complex,* 442 U.S. 1, 7 (1979). Moreover, the State of Ohio has not created in its inmates a constitutionally protected liberty interest in release on parole. *Inmates of Orient Correctional Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991). *See* O.R.C. §2967.03 [the Ohio Adult Parole Authority "may ... grant a parole to any prisoner ... if in its judgment there is reasonable ground to believe that ... paroling the prisoner would further the interest of justice and be consistent with the welfare and security of society."] Even the revocation of a conditional grant of parole raises no constitutional claims at any time prior to the inmate's actual release. *Jago v. Van Curen,* 454 U.S. 14 at 20-21 (1981). Because petitioner had no constitutionally protected interest in release on parole, the denial of parole did not violate petitioner's due process rights.

Petitioner also contends that the decision to deny him parole

violates the Eighth Amendment's prohibition against cruel and unusual punishment.  The United States Court of Appeals for the Sixth Circuit has rejected this contention:  "The Eighth Amendment prohibits conduct that involves the unnecessary and wanton infliction of pain. *Ivey v. Wilson,* 832 F.2d 950, 954 (6th Cir. 1987).  The denial of parole clearly does not fall under this umbrella." *Carnes v. Engler,* 76 Fed. Appx. 79 (6th Cir. 2003)(unpublished).

This Court concludes that the petition fails to allege a colorable constitutional claim.  To the extent that petitioner alleges that the proceedings violated state law, this Court is without authority to consider such allegations.  *See Pulley*, 465 U.S. 37.[3]

Petitioner also asks that this Court release him on parole pending final resolution of this matter.  Doc. No. 2.  There does exist authority for the release on bail of a state prisoner pending disposition of his habeas corpus petition. *See Jago v. United States District Court for the Northern District of Ohio,* 570 F.2d 618 (6th Cir. 1978).  However, a petitioner seeking release on bail must establish both a "substantial claim that the petitioner is confined in violation of the constitution," as well as "'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Dotson v. Clark,* 900 F.2d 77, 79 (6th Cir. 1990)(quoting *Aronson v. May,* 85 S.Ct. 3,5 (1964)(Douglas, J., in chambers)).

Because this Court has concluded, for the reasons stated *supra,* that the petition fails to state a constitutional claim, it

---

[3] To the extent that plaintiff seeks to challenge the constitutionality of procedures to be used at any future parole hearing, he may appropriately present such challenge in an action filed under 42 U.S.C. §1983.

follows that petitioner's motion for release on parole, Doc. No. 2, is without merit.

It is therefore **RECOMMENDED** that this action be dismissed and that petitioner's motion for release on parole, Doc. No. 2, be **DENIED.**

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within ten (10) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

August 21, 2008                             s/Norah McCann King
                                            Norah McCann King
                                       United States Magistrate Judge