IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WILLIAM A. CLUMM,**   **CASE NO. 2:08-cv-365**
                       **JUDGE MARBLEY**
   **Petitioner,**   **MAGISTRATE JUDGE KING**

v.

**WARDEN, CHILLICOTHE CORRECTIONAL**
   **INSTITUTION, et al.,**

   **Respondents.**

### OPINION AND ORDER

Petitioner brings this habeas corpus action challenging the rescission of his release on parole. On August 21, 2008, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed and that petitioner's motion for release on bail be denied. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*, a reply to respondent's Return of Writ, a response to respondent's motion in opposition to petitioner's motion for release on bail, and a motion to strike the Return of Writ pursuant to Federal Rule of Civil Procedure 12(f) as improper, immaterial or insufficient. Doc. Nos. 15-18. For the reasons that follow, petitioner's motion to strike and requests for an evidentiary hearing and for the appointment of counsel, *see Objections*, are **DENIED.** Petitioner's objections to the *Report and Recommendation* are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** Petitioner's motion for release on bail is **DENIED.** This action is hereby **DISMISSED.**

Petitioner's first complaint relates to the timing of the August 21, 2008, *Report and Recommendation.* On July 18, 2008, the Magistrate Judge gave petitioner until August 15, 2008, to file his response to the Return of Writ. Petitioner denies that he received a copy of the Magistrate

Judge's order and thought that he had until September 1, 2008, to file a response. *See Objections*. He complains that the *Report and Recommendation* was issued prior to that date.

This Court has considered all of the arguments set forth in petitioner's reply to the Return of Writ, as well as in his objections to the Magistrate Judge's *Report and Recommendation*.

Petitioner objects to all of the Magistrate Judge's recommendations. He again raises all of the same arguments previously presented by him. Additionally, petitioner contends that the parole board's initial recommendation to release him early on parole constituted a contract that must be enforced by this Court so as to grant him early release on parole. *See Traverse*. Additionally, petitioner again alleges that he was unconstitutionally tortured in violation of the 8th Amendment, because he was lead to believe that he would be released on parole. He complains that the Magistrate Judge failed to address his claim that application of O.R.C. §2967.12, resulting in the parole board's refusal to grant him early release on parole, violates the Ex Post Facto Clause. None of petitioner's arguments are persuasive. As discussed in the Magistrate Judge's *Report and Recommendation*, petitioner has no right to early release from incarceration prior to the expiration of his entire sentence. *See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). In this case, that term is life. *Exhibit 1 to Return of Writ*.

> [T]he Supreme Court has held that "it would be wrong to find that understandings based on the setting of on or after dates can create any constitutionally protected liberty interest." *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.,* 929 F.2d 233, 235 (6th Cir.1991) (citing *Jago v. Van Curen,* 454 U.S. 14, 17-22, 102 S.Ct. 31, 70 L.Ed.2d 13 (1981)); *see also McAdoo v. Elo,* 365 F.3d 487, 498 (6th Cir.2004) ("A defendant's mere expectation about the parole process is 'simply no ground for habeas relief.' ") (citation omitted).

*Bell v. Anderson*, 2006 WL 2864121 (N.D. Ohio, September 26, 2006). Further, "a federal habeas corpus court cannot release a state prisoner on the basis that he is being held in breach of a contract."

*Wilder v. Ohio Adult Parole Authority*, 2008 WL 618629 (S.D. Ohio, February 28, 2008). Moreover, petitioner's claim under the 8th Amendment cannot prevail. Regardless of whether petitioner believed that he would be granted early release on parole, the United States Court of Appeals for the Sixth Circuit has stated that the denial of release on parole

> does not implicate the Eight[h] Amendment's prohibition against cruel and unusual punishment. The Eight[h] Amendment prohibits conduct that involves the unnecessary and wanton infliction of pain. *Ivey v. Wilson,* 832 F.2d 950, 954 (6th Cir.1987). The denial of parole clearly does not fall under this umbrella.

*Carnes v. Engler*, 76 Fed. Appx. 79, 81 (unpublished), 2003 WL 22177118 (6th Cir., Sept.19, 2003). Additionally, and contrary to petitioner's allegation here, the parole board's notification to the victim's family pursuant to O.R.C. 2967.12(B), and its subsequent refusal to recommend him for early release on parole did not violate the Ex Post Facto Clause.

> The Constitution's Ex Post Facto Clause prohibits the enactment of any law that "retroactively alter[s] the definition of crimes or increase[s] the punishment for criminal acts." *Collings v. Youngblood,* 497 U.S. 37, 43, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990). In *Cal. Dep't of Corr. v. Morales,* 514 U.S. 499, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995), the Supreme Court considered whether a post-sentencing change to parole procedures constituted the type of change in the law subject to analysis under the Ex Post Facto Clause. The Court declined to adopt an interpretation of the Clause that would "forbid[] any legislative change that has any conceivable risk of affecting a prisoner's punishment." *Id.* at 508. Instead, the Court established a test inquiring whether a change in the law "produced a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Id.* at 509. A "sufficient risk of increased punishment" involves more than "some ambiguous sort of disadvantage" to an inmate. *Id.* at 506 n. 3.
>
> \*\*\*

> [T]he controlling inquiry is whether the retroactive application of an amendment to a law or later enacted law or policy will create a sufficient risk of increasing the measure of punishment attached to a particular crime. *See id.* at 250; *Morales,* 514 U.S. at 509; *Michael v. Ghee,* --- F.3d ----, No. 06-3595, 2007 WL 2287743, at *9-10 (6th Cir. Aug, 10, 2007)....

*Lagendyk v. Michigan Parole Board*, 2008 WL 2704741 *8 (W.D. Michigan, July 9, 2008).

Petitioner has failed to meet this standard here.

> Ohio Revised Code § 2967.12(B) requires the Ohio Adult Parole Authority to notify a victim's representative of an inmate's pending release if the victim's representative has requested such notice pursuant to Ohio Revised Code § 2930.16. If the inmate being considered for parole was convicted pursuant to Ohio Revised Code § 2903.01, the notice shall inform the victim's representative and immediate family that they may request a full board hearing relating to the potential parole of the inmate and that they have the right to give testimony at such a hearing. Ohio Rev. Ann.Code § 2967.12(B) *See also* Ohio Rev. Ann.Code § 5149 . 101(B). If such a full board hearing is requested by the victim's representative or immediate family, Ohio law mandates that this request be granted. Ohio Rev. Ann.Code § 5149.101(A)(2) . Finally, "If there is an objection at a full board hearing to a recommendation for the parole of a prisoner, the board may approve or disapprove the recommendation or defer its decision until a subsequent full board hearing." Ohio Rev. Ann.Code § 5149.101(C) .

*Bell v. Anderson, supra.*  Notwithstanding the notice and hearing requirement created by the statute, the Ohio Parole Board retains its full discretion regarding its parole decisions.  *See* O.R.C. §2967.03. "[A] law that is merely procedural and does not increase a prisoner's punishment cannot violate the *Ex Post Facto* Clause even when applied retrospectively."  *Partridge v. Davis*, 2007 WL 2852340 (E.D. Michigan, September 30, 2007), citing *Barna v. Travis,* 239 F.3d 169, 171 (6th Cir. 2001) (citing *Morales, supra,* 514 U.S. at 507-09).

4

Pursuant to 28 U.S.C. §636(b)(1), this Court has conducted a *de novo* review of the Magistrate Judge's *Report and Recommendation*. The Court has carefully considered the entire record. For the foregoing reasons and for reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED.** His request for an evidentiary hearing and for the appointment of counsel, and his motion to strike the Return of Writ, Doc. No. 15 are **DENIED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. Petitioner's motion for release on bail is **DENIED.** This action hereby is **DISMISSED**.

**IT IS SO ORDERED.**

                                                *s/Algenon L. Marbley*
                                                Algenon L. Marbley
                                                United States District Judge